UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL NICHOLE MARIE GREGORY,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

Hon. Sally J. Berens

Case No. 1:21-cv-585

## OPINION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment.

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. Plaintiff seeks review of the Commissioner's decision.

For the following reasons, the Court will **affirm** the Commissioner's decision.

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is

limited to determining whether the Commissioner applied the proper legal standards and whether there exists in the record substantial evidence supporting the decision. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and those findings are conclusive provided substantial evidence supports them. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla but less than a preponderance. *See Cohen v. Sec'y of Dept. of Health and Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker may properly rule either way without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

**PROCEDURAL POSTURE**

Plaintiff filed an application for DIB on January 24, 2019, alleging that she had been disabled as of October 1, 2018, due to chronic hip pain, lesion tares in hip joint/cartilage, arthritis in hip, low back injury, low back arthritis, several joint issues, obesity, depression, anxiety, and

mood issues. (PageID.287–88.) She filed an application for SSI on the same date. (PageID.267.) Plaintiff was 33 years old at the time of her alleged onset date and 34 years old when she filed her applications. (PageID.267.) Plaintiff had completed four or more years of college. (PageID.210, 470.) Plaintiff's past work was as a Residential Rehabilitation Aide, a Health Services Coordinator, a Preschool Teacher, an Instructional Associate, and a Coffee Maker. (PageID.42, 471.) After Plaintiff's applications were denied initially and on reconsideration, she requested a hearing before an Administrative Law Judge.

On August 5, 2020, ALJ James J. Kent held a hearing by telephone and received testimony from Plaintiff and Sandra Smith-Cordingly, an impartial vocational expert (VE). (PageID.198–265.) On September 14, 2020, the ALJ issued a written decision finding that Plaintiff was not entitled to benefits because she had not been disabled since her alleged onset date through the date of the decision. (PageID.32–44.) The Appeals Council denied Plaintiff's request for review on May 10, 2021. (PageID.38–40.) Therefore, the ALJ's ruling became the Commissioner's final decision. *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432,434 (6th Cir. 2007).

Plaintiff initiated this civil action for judicial review on June 19, 2020.

## **ANALYSIS OF THE ALJ'S DECISION**

The social security regulations set forth a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d), 416.920(d));

3

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that, if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functional capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

After determining that Plaintiff met the insured status requirements of the Act through June 30 2021, and had not engaged in substantial gainful activity since her alleged onset date, the ALJ found that Plaintiff suffered from severe impairments of peroneal tendonitis, right lower extremity status post-surgical repair; degenerative disc disease of lumbar spine; degenerative joint disease of

---

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

left hip; obesity; and depression. (PageID.34.) At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. The ALJ considered listings 1.02 and 1.04 with regard to Plaintiff's physical impairments and listing 12.04 as to her mental impairments. (PageID.35–36.)

The ALJ found that Plaintiff had the RFC to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), except that:

> she requires a sit/stand option which allows for alternating positions every 20 minutes but remaining on task during transitions. The claimant cannot climb ladders, ropes, or scaffolds, but can occasionally climb ramps and stairs, stoop, kneel, crouch, crawl, and balance. She cannot work at unprotected heights, with moving mechanical parts or with vibration. The claimant can maintain attention and concentration for two-hour segments.

(PageID.36.)

At step four, the ALJ found that Plaintiff was unable to perform any of her past relevant work. (PageID.42.) At step five, the ALJ found that an individual of Plaintiff's age, education, work experience, and RFC could perform the occupations of order clerk, table worker, and charge account clerk, approximately 70,000 of which existed in the national economy. (PageID.65–66.) This represents a significant number of jobs. *See, e.g., Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016) (stating that "[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'").

## **DISCUSSION**

Plaintiff raises two issues in her appeal: (1) the ALJ committed reversible error by compiling an inaccurate RFC for Plaintiff and by using improper credibility conclusions to support it; and (2) the appointment of Andrew Saul as a single Commissioner of the Social Security Administration who is removable only for cause and who serves a longer term than that of the

President of the United States violates the separation of powers provision and thus causes the decision in this case to be constitutionally defective because the ALJ and the Appeals Council derived their authority from Saul. (ECF No. 14 at PageID.1313.)

**I.      Inaccurate RFC**

Plaintiff contends that the ALJ formulated an inaccurate RFC. A claimant's RFC represents the "most [a claimant] can still do despite [her] limitations." *Sullivan v. Comm'r of Soc. Sec.*, 595 F. App'x 502, 505 (6th Cir. 2014); *see also* Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents his ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule"). "An RFC is an 'administrative finding,' and the final responsibility for determining an individual's RFC is reserved to the Commissioner." *Shepard v. Comm'r of Soc. Sec.*, 705 F. App'x 435, 442 (6th Cir. 2017). In determining a claimant's RFC, the ALJ considers medical source statements and all other evidence of record. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). While the ALJ makes the RFC determination, that determination must be supported by substantial evidence. *Torres v. Comm'r of Soc. Sec.*, 490 F. App'x 748, 754 (6th Cir. 2012).

Plaintiff first contends that the ALJ's finding that she retained the ability to perform a reduced range of sedentary work is contrary to the medical record. In determining Plaintiff's RFC, the ALJ considered the prior administrative findings of medical consultant Robert Roschmann, M.D., who opined that Plaintiff was able to lift and carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk for slightly less than two hours, and sit about six hours in an eight-hour workday. Dr. Roschmann also assessed various postural and environmental limitations. (PageID.40–41, 281–83.) The ALJ also considered the prior administrative findings of medical consultant Saadat Abbasi, M.D., who reviewed the medical evidence on reconsideration and

assessed limitations consistent with those by Dr. Roschmann. (PageID.41, 324–26.) The ALJ found these opinions "mostly persuasive," as they were generally consistent with the record as a whole, but he determined that the record supported an additional limitation of a sit/stand option. (PageID.41.) Plaintiff contends that the RFC is inaccurate because both doctors opined that she could be on her feet "slightly less than 2 hours" in an eight-hour workday, which is less than the two-hour standing and walking requirement set forth in SSR 83-10, 1983 WL 31251 (Jan. 1, 1983). Plaintiff cites no authority for her contention that the ability to stand "slightly less than 2 hours" precludes sedentary work. Regardless, both doctors specifically determined that Plaintiff retained the physical capacity to perform sedentary work. (PageID.285, 327.) More importantly, the Social Security Administration has stated that a claimant's ability to "stand and walk for a total of slightly less than 2 hours" does not preclude sedentary work, as such ability "would not cause the occupational base to be significantly eroded." SSR 96-9p, 1996 WL 374185, at *6 (July 2, 1996). Thus, the argument presents a non-issue.

Next, Plaintiff contends that the RFC determination is "internally contradictory" because the sit/stand option allowing for positional changes every 20 minutes is inconsistent with the ALJ's finding that Plaintiff can maintain her concentration for two-hour segments. That is, Plaintiff argues that, by her math, allowing her to make position changes every 20 minutes due to pain will amount to approximately five percent of the workday that would count toward the more than ten percent time-off-task limit that the VE testified would be work preclusive. (ECF No. 14 at PageID.1314 (citing PageID.260–61).) She further contends that the ALJ failed to consider how she would maintain the two-hour blocks of concentration when she is changing positions so often due to pain. Plaintiff's argument is unpersuasive because the two limitations are not necessarily

7

inconsistent. The sit/stand option is a physical limitation, while the two-hour period is a mental limitation. The ALJ explained the basis for the sit/stand option as follows:

> As discussed, the claimant required a tendon repair in the right ankle. While improved, she continues to report pain. Coupled with her ongoing back pain and mobility issues due to her degenerative joint disease of the hips, she is limited to sedentary work. She will require a sit/stand option alternating positions every 20 minutes, but remaining on task during transitions. . . .

(PageID.39.) Regarding the mental limitation, the ALJ said:

> Additional treatment notes indicate the claimant manages the care of her two young children, is able to participate in medical appointments, and has not required emergent crisis treatment related to her depression. While her depression is noted to be primarily related to her physical symptoms, she has no more than moderate limitations concentrating, persisting, and maintaining pace and I find she can maintain concentration and attention for two-hour segments.

(PageID.40.) Changing positions due to pain—for example, standing up from a desk because of back pain—does not necessarily mean that a person cannot maintain concentration for a given time.[2] Moreover, the sit/stand option allowing for changes assumes that Plaintiff will remain on task. Finally, in response to Plaintiff's counsel's questions, the VE testified that changing positions would take much less time than Plaintiff's counsel posits—less than 30 seconds—and could generally be done "very seamlessly." (PageID.260–61.) In short, the ALJ properly weighed the medical evidence, drew appropriate inferences, and made findings in formulating Plaintiff's RFC that are supported by substantial evidence. *See Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003) ("The decision must be affirmed if the administrative law judge's findings and inferences are reasonably drawn from the record or supported by substantial evidence, even if that evidence could support a contrary decision.").

---

[2] Plaintiff's reliance on *Love v. Commissioner of Social Security*, 605 F. Supp. 2d 893 (W.D. Mich. 2009), is misplaced. There, the ALJ's hypothetical to the VE, which assumed that the plaintiff could carry 20 pounds, was at odds with the plaintiff's "undisputed need to use a 'hand-held assistive device' to walk." *Id.* at 898. Here, there is no obvious inconsistency.

8

Plaintiff also contends that the ALJ's evaluation of her subjective symptoms was improper. The Court disagrees, as the record shows that the ALJ properly evaluated Plaintiff's subjective symptoms in accordance with 20 C.F.R. §§ 404.1529(c) and 416.929(c) and SSR 16-3p. In addition to medical evidence, an ALJ considers, among other things, the following factors in evaluating the severity of a claimant's subjective symptoms: the claimant's daily activities; the effectiveness of medication; and treatment other than medication. 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3). The ALJ wrote:

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.
>
> In evaluating the claimant's consistency of subjective allegations with the evidence of the record, I first reiterate that the clinical examination findings do not fully corroborate her alleged symptoms and limitations. Indeed, the medical evidence suggests that the claimant's symptoms have been relatively well controlled with consistent treatment and taking medications as prescribed. Nevertheless, the record reflects relatively conservative treatment and noncompliance of recommendations following the right ankle tendon repair. This inconsistent treatment suggest that the claimant's symptoms may not be as limiting as she has generally alleged.
>
> The evidence raises other questions about the claimant's consistency of subjective allegations. For instance, the claimant has described daily activities that are not limited to the extent one would expect given her allegations of disabling symptoms. These activities include: caring for two young children, attending medical appointments, driving, grocery shopping, preparing meals, socializing with friends and family, reading, singing, and managing the household chores and finances (Exhibit 3E). While the scope and extent of these regular activities may change from day to day, the claimant's ability to participate in such activities tends to suggest that she is far more capable than she alleges and undermines the reliability of her allegations of disabling functional limitations.

(PageID.40.)

Plaintiff's primary contention is that the ALJ erred in equating caring for one's children to the ability to perform full-time work. But the ALJ was certainly entitled to take this activity into account, which included feeding her two young children, changing diapers, and dressing them, as

9

well as driving her stepchildren to and from school. (PageID.481.) *See Powell v. Colvin*, No. 5:12-CV-157, 2014 WL 689721, at *7 (W.D. Ky. Feb. 20, 2014) (the claimant's "ability to care for three grandchildren does tend to show that, if properly motivated, she is capable of engaging in significant work-like activities"); *Swartz v. Comm'r of Soc. Sec.*, No. 1:07-CV-771, 2008 WL 2952021, at *5 (W.D. Mich. July 29, 2008) (finding it "entirely appropriate for the ALJ to take plaintiff's daily activities into account in making his credibility determination," including that the plaintiff's daily activities centered around caring for his children). Still, the ALJ's consideration of Plaintiff's daily activities was not limited to childcare. Instead, as set forth above, he noted that Plaintiff engaged in a wide range of activities indicating that she was more capable than she alleged.

Moreover, the ALJ did not evaluate Plaintiff's symptoms solely on the basis of her daily activities. He noted, for example, that the clinical examination findings did not fully corroborate Plaintiff's alleged symptoms, which Plaintiff does not contest. *See Young v. Berryhill*, No. 3:17-CV-395, 2018 WL 1914732, at *6 (W.D. Ky. Apr. 23, 2018) (noting that SSR 16-3p directs the Commissioner to consider "clinical findings and observations about such symptoms" in evaluating the intensity and persistence of a claimant's subjective symptoms). The ALJ also properly considered Plaintiff's relatively conservative treatment of her impairments, including epidural steroid injections for her hip and back pain, which Plaintiff reported provided temporary, although "meaningful," relief.  (PageID.38, 1111.) *See Kepke v. Comm'r of Soc. Sec.*, 636 F. App'x 625, 638 (6th Cir. 2016) (noting that the plaintiff's "routine and/or conservative treatment for the allegedly disabling impairments" was a proper basis to discount his allegations of pain). Finally, the ALJ properly considered Plaintiff's noncompliance with her treatment plan following her right ankle surgery. The Sixth Circuit recognizes that a claimant's failure to follow prescribed medical

10

treatment is evidence bearing on the extent and disabling effects of the claimant's symptoms. *See Sias v. Sec'y of Health & Human Servs.*, 861 F.2d 475, 480 (6th Cir. 1988); see also SSR 16-3p, 2017 WL 5180304, at *9 (Oct. 25, 2017 (republishing SSR 16-3p from Mar. 16, 2016) (superseding SSR 96-7p)) (stating that "if the individual fails to follow prescribed treatment that might improve symptoms, we may find the alleged intensity and persistence of an individual's symptoms are inconsistent with the overall evidence of record"). Although Plaintiff contends that her noncompliance was likely due to her childcare responsibilities (ECF No. 14 at PageID.1314), the ALJ did not err in considering this factor.

In short, although Plaintiff contends that the ALJ reached the wrong result, her mere disagreement with the ALJ's conclusion is not enough to overcome substantial evidence, which supports the ALJ's decision. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003). Accordingly, this argument lacks merit.

**II.    Separation of Powers Issue**

Finally, Plaintiff argues that she is entitled to relief on constitutional grounds. Specifically, she contends that the Social Security Administration's structure is constitutionally invalid because it violates the President's authority to supervise and remove executive branch officials. Plaintiff says that due to this unconstitutional structure, under which the Commissioner of Social Security was unlawfully appointed, the Commissioner had no valid authority to delegate to ALJs and the Appeals Council the task of finding facts and resolving claims for disability benefits. Plaintiff further argues that as a result of this constitutionally invalid structure, her hearing before the ALJ, the ALJ's decision, the adjudication process before the Appeals Council, and the Appeals Council's adjudication of his appeal, were all constitutionally invalid.

In rejecting this same argument, one court recently explained:

11

> The Court first finds that Commissioner's final decision was not constitutionally defective. Recently, in *Collins v. Yellen*, 141 S. Ct. 1761 (2021), the Supreme Court held that where an unconstitutional statutory removal restriction exists, a plaintiff seeking relief on that basis must show that the restriction caused his alleged harm. In *Collins*, the Court reasoned that the relevant agency officials were "properly appointed" pursuant to a statute that exhibited "no constitutional defect in the . . . method of appointment" and that "the unlawfulness of [a] removal provision" does not strip [an official] of the power to undertake the other responsibilities of his office[.]" The Court continued that "there is no reason to regard any of the actions taken" by the agency during this period "as void." *Id*. at 1787, 1788 n.23. In this case, Plaintiff, as in *Collins*, grounds his constitutional challenge only on the relevant removal restriction not on the propriety of the Commissioner's appointment and offers no evidence to show that there is a nexus between the unconstitutional removal restriction and the denial of his application for disability benefits. The Plaintiff simply argues that all actions taken by the Commissioner – and in turn his appointed ALJ's – are void due to the unconstitutional removal provision. However, *Collins* expressly rejects this view. *Id*. Therefore, the final decision of the ALJ is not constitutionally defective.

*Boger v. Kijakazi*, No. 1:20-CV-331-KDB, 2021 WL 5023141 at *3 (W.D.N.C. Oct. 28, 2021).

The Court finds this rationale persuasive and notes that many other courts have likewise rejected this argument.[3] Plaintiff offers no evidence and makes only conclusory arguments that there exists

---

[3] *See, e.g., Jones v. Kijakazi*, 2022 WL 1016610 at *12 (D. Del. Apr. 5, 2022); *Michelle D. v. Kijakazi*, 2022 WL 972280 at *6 (N.D. Ill. Mar. 31, 2022); *Michael H. v. Comm'r of Soc. Sec.*, 2022 WL 768658 at *15-18 (W.D.N.Y. Mar. 14, 2022); *Tucker v. Kijakazi*, 2022 WL 742744 at *2-3 (S.D. Fla. Mar. 11, 2022); *Burrell v. Kijakazi*, 2022 WL 742841 at *5 (E.D. Pa. Mar. 10, 2022); *Platt v. Comm'r of Soc. Sec.*, 2022 WL 621974 at *5-6 (S.D.N.Y. Mar. 3, 2022); *Juliana Jolean A. v. Kijakazi*, 2022 WL 595361 at *1-5 (N.D.N.Y. Feb. 28, 2022); *Jason V. v. Comm'r of Soc. Sec.*, 2022 WL 575703 at *5-7 (W.D. Wash. Feb. 25, 2022); *Colbert v. Comm'r of Soc. Sec. Admin.*, 2022 WL 556738 at *2 (N.D. Ohio Feb. 24, 2022); *Kathy R. v. Kijakazi*, 2022 WL 42916 at *3-5 (D. Me. Jan. 5, 2022), *adopted by* 2022 WL 558359 (D. Me. Feb. 24, 2022); *Kreibich v. Kijakazi*, 2022 WL 538261 at *6 (W.D. Wis. Feb. 23, 2022); *Taffe v. Kijakazi*, 2022 WL 542884 at *9-11 (S.D. Cal. Feb. 22, 2022); *Kowalski v. Kijakazi*, 2022 WL 526094 at *9-12 (M.D. Pa. Feb. 22, 2022); *Twila D. B. v. Kijakazi*, 2022 WL 425936, at *2-4 (C.D. Cal. Feb. 10, 2022); *Pepper v. Kijakazi*, 2022 WL 391577 at *2-3 (D.S.C. Feb. 9, 2022); *Rhonda W. v. Comm'r of Soc. Sec.*, 2022 WL 390802 at *6-8 (S.D. Ohio Feb. 9, 2022); *Vickery v. Comm'r of Soc. Sec.*, 2022 WL 252464 (M.D. Fla. Jan. 27, 2022); *Carla D. v. Kijakazi*, 2022 WL 264460 at *1-3 (E.D. Wash. Jan. 27, 2022); *Ramos v. Comm'r of Soc. Sec.*, 2022 WL 105108 at *2-4 (E.D. Cal. Jan. 11, 2022); *Nudelman v. Comm'r of Soc. Sec. Admin.*, 2022 WL 101213 at *10-13 (D. Ariz. Jan 11, 2022); *Mor v. Kijakazi*, 2022 WL 73510 at *3-5 (D.N.J. Jan. 7, 2022); *Hutchens v. Kijakazi*, 2021 WL 5834409 at *6-14 (M.D.N.C. Dec. 9, 2021), *adopted by* ECF No. 24 (M.D.N.C. Jan. 5, 2022); *Olimpiada v. Kijakazi*, 2022 WL 19678 at *4-5 (D. Nev. Jan. 3, 2022); *Benavidez v. Kijakazi,* 2021 WL 6062715 at *4 (D.N.M. Dec. 22, 2021); *Wybo v. Kijakazi,* 2021 WL 6052423 at *4 (E.D. Ky.

a nexus between the allegedly unconstitutional removal restriction and the denial of his application for benefits. This is insufficient under *Collins*, 141 S. Ct. at 1789.  Accordingly, this argument is rejected.

## **CONCLUSION**

For the reasons stated above, the Commissioner's decision is **affirmed**. An order consistent with this opinion will enter.

Dated: July 22, 2022 /s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge

---

Dec. 21, 2021); *Nathanial H. v. Kijakazi*, 2021 WL 5921377 at *4-6 (D. Or. Dec. 15, 2021); *Clark v. Kijakazi*, 2021 WL 5905942 at *3-4 (E.D. Wis. Dec. 14, 2021); *Alice T. v. Kijakazi*, 2021 WL 5302141 at *18-19 (D. Neb. Nov. 15, 2021); *Robinson v. Kijakazi,* 2021 WL 4998397 at *3 (W.D.N.C. Oct. 27, 2021).